## UNITED STATES *v.* BRITTON & Another.

ON CERTIFICATE OF · DIVISION' IN OPINION, FROM THE EASTERN
DISTRICT OF MISSOURI.

Decided April 2d, 1883.

*Indictment—National Bank.*

It is no violation of the provisions of § 5440 Rev. Stat., subjecting to penalties
persons conspiring to commit an offence against the United States, and
persons doing acts to effect the object of the conspiracy ; and no violation
of § 5209 Rev. Stat., subjecting to punishment a president or a director of
a national banking association who wilfully misapplies the money, funds
or credits of the association, if the president and such a director conjointly ·
cause shares in the capital stock of such association to be purchased with
the money of the association, and held on trust for its benefit.

Indictment for conspiracy by Britton as president and Bates
as director of a national banking association, to injure and de-
fraud the association by wilful misapplication of its money.
Rev. Stat. §§ 5209, 5440. The acts which formed the subject
of the alleged conspiracy are the same which are set forth in
the counts in the indictment from 77 forward in *United States*
v. *Britton*, 107 U. S. 655, and which were there held, when not
charged as a conspiracy, not to be violations of the statutes.

*Mr. Assistant Attorney-General Maury* for the United
States.
*Mr. Geo. H. Shields* and *Mr. Chester A. Krum* for defend-
ants.

MR. JUSTICE WOODS delivered the opinion of the court.
In this case the indictment contained two counts. They
charged a conspiracy between James H. Britton and Barton
Bates, the first being president and a director and the latter a
director of the same banking association, to misapply its funds
by the purchase therewith of the shares of the association.
The first count described the offence which defendants con-
spired to commit substantially as it is set forth in count seven-
ty-seven, and the second count described the offence as the same

is set forth in count ninety-seven in *United States* v. *Britton,* 107. U. S. 655.

The judges of the circuit court were divided in opinion upon the question whether the counts sufficiently stated an offence under sections 5209 and 5440 of the Revised Statutes, and the same has been duly certified to us for our opinion. What we have said in *United States* v. *Britton* cited above, disposes of this question.

*We answer in the negative.*