## UNITED STATES v. OLMSTEAD et al.

(District Court, W. D. Washington, N. D.
May 13, 1925.)

No. 9165.

**1. Conspiracy ⊚═══23—"Conspiracy" defined.**

A "conspiracy" is a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose, or some purpose, not in itself criminal or unlawful, by criminal or unlawful means.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conspiracy.]

**2. Conspiracy ⊚═══27—Not necessary to allege or prove overt act at common law.**

In prosecution for conspiracy, at common law it was necessary neither to allege nor to prove an overt act.

**3. Conspiracy ⊚═══43(6)—Indictment must fully and clearly set forth purpose of conspiracy and means intended to be used.**

Indictment for conspiracy to promote unlawful purpose must set forth that purpose fully and clearly and means intended to be used.

**4. Conspiracy ⊚═══27—Overt act is required only to bring conspiracy within operation of statute.**

Gravamen of crime, under Rev. St. § 5440 (Penal Code, § 37 [Comp. St. § 10201]), is the conspiracy; overt act being required only to bring it within operation of statute.

**5. Conspiracy ⊚═══23 — No formal agreement necessary; not necessary that each co-conspirator have knowledge of all details.**

No formal agreement is necessary to constitute conspiracy, tacit understanding being sufficient; and it is not necessary that each co-conspirator have knowledge of all details of conspiracy or means to be used.

**6. Conspiracy ⊚═══33—Elements of conspiracy stated.**

Elements of conspiracy, under Rev. St. § 5440 (Penal Code, § 37 [Comp. St. § 10201]), are: (a) Act of two or more persons conspiring together; (b) to commit offense against United States by defrauding United States in any manner or for any purpose; (c) doing of act to effect object of conspiracy.

**7. Conspiracy ⊚═══23—Conspiracy is continuing crime.**

Conspiracy is a continuing crime, not renewable by other acts constituting several offenses.

**8. Conspiracy ⊚═══41—Party coming into conspiracy at any stage is party to all acts of other parties; act of one is act of all.**

Party coming into conspiracy at any stage of proceedings with knowledge is party to all acts done by any party then or thereafter, in furtherance of common design, and act of one conspirator in furtherance of common design is act of all.

**9. Conspiracy ⊚═══27 — Purpose of requiring overt act is to afford conspirators opportunity to abandon unlawful purpose.**

Purpose of requiring overt act, under Rev. St. § 5440 (Penal Code, § 37 [Comp. St. § 10201]), is to afford a locus pœnitentiæ, when conspirators may abandon unlawful purpose.

**10. Conspiracy ⊚═══48—Whether alleged overt act is such is question of fact for jury.**

Whether alleged overt act is such is question of fact for jury.

**11. Conspiracy ⊚═══43(6) — Necessary allegations of indictment stated.**

Indictment for conspiracy need not charge substantive crime which is object of conspiracy with same particularity as if substantive crime were charged, but crime may not be charged by way of inference, but indictment must set forth accurately every ingredient of which offense is composed, to enable court to say whether facts are sufficient in law to support conviction, and must set forth facts and not law; but under Rev. St. § 1025 (Comp. St. § 1691), indictment may not be held insufficient for defects of form.

**12. Indictment and information ⊚═══71—Test of sufficiency of indictment stated.**

Test of sufficiency of indictment is not whether it might be made more certain, but whether it contains every element of offense, sufficiently apprises defendant of charge to be met, and shows with accuracy to what extent defendant may plead a former acquittal or conviction.

**13. Criminal law ⊚═══197—Judgment is bar to subsequent prosecution for any offense which could have been proved under indictment.**

Judgment is bar to subsequent prosecution for any offense which could have been proved under indictment.

**14. Indictment and information ⊚═══130—Separate counts in indictment charge distinct offenses.**

Separate counts in indictment charge distinct offenses.

**15. Conspiracy ⊚═══43(1) — Indictment must specially charge conspiracy.**

Conspiracy must be specially charged in indictment, and cannot be added to former acts done by one or more of conspirators in furtherance of conspiracy.

**16. Indictment and information ⊚═══125(1) — "Duplicity" defined.**

"Duplicity" is union of more than one cause of action in one count.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Duplicity.]

**17. Indictment and information ⊚═══125(5½)—Count not duplicitous for charging conspiracy to commit more than one offense.**

Count of indictment is not duplicitous because it charges object of conspiracy to have been to commit more than one offense against United States; conspiracy being unit, however varied its effect.

**18. Indictment and information ⬥130—Counts in indictment for conspiracies under different statutes held properly joined.**

Counts charging conspiracies, under Rev. St. § 5440 (Penal Code, § 37 [Comp. St. § 10201]), to violate National Prohibition Act and Tariff Act, each count charging distinct offense belonging to same class of offenses, *held* properly joined in one indictment, under Rev. St. § 1024 (Comp. St. § 1690).

**19. Indictment and information ⬥119—Prolixity is not fatal to indictment.**

Prolixity is not fatal to indictment.

**20. Conspiracy ⬥43(1)—Indictment need not charge particular defendant with particular crime.**

Indictment for conspiracy need not charge particular defendant with particular crime.

**21. Conspiracy ⬥43(6)—Indictment for conspiracy to violate National Prohibition Act and Tariff Act held sufficient.**

Indictment in separate counts charging conspiracy, under Rev. St. § 5440 (Penal Code, § 37 [Comp. St. § 10201]), to violate National Prohibition Act and Tariff Act, *held* sufficient.

Criminal proceeding by the United States against Roy Olmstead and others. On defendants' demurrers to indictment. Demurrers overruled.

The indictment charges 90 defendants under four counts. Count 1 charges a conspiracy entered into about the 1st day of June, 1923, " ＊ ＊ ＊ to violate the National Prohibition Act, ＊ ＊ ＊ it being ＇ ＇ ＊ the ＊ ＊ ＊ object of said conspiracy to knowingly ＇ ＇ ＊ and unlawfully import, transport, and possess ＇ ＊ ＇ certain intoxicating ＇ ＊ ＇ whisky ＊ ＇ ＇ containing more than one-half of 1 per centum of alcohol by volume and fit for beverage purposes, ＊ ＇ ＊ such possession being intended ＊ ＇ ＊ for the purpose of ＊ ＇ ＊ selling ＊ ＊ ＊ in violation of the National Prohibition Act," and in violation of said act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) to maintain a common nuisance by selling whisky, etc., at named places. A number of overt acts are charged, the first of which is April 17, 1924.

Count 2 charges conspiracy " ＊ ＊ ＊ to violate the National Prohibition Act, it being ＇ ＊ ＊ the ＊ ＇ ＊ object of said conspiracy ＇ ＊ ＊ to ＊ ＊ ＇ unlawfully barter, sell, deliver, and furnish certain intoxicating liquors ＇ ＇ ＊ containing more than one-half of 1 per centum of alcohol by volume and fit for beverage purposes, ＊ ＊ ＊ such bartering ＇ ＇ ＊ being ＇ ＇ ＊ prohibited by said act of Congress," and charges a number of overt acts.

Count 3 charges conspiracy to violate "the Tariff Act, ＊ ＇ ＊ it being ＇ ＇ ＊ the ＇ ＊ ＊ object to ＊ ＊ ＇ feloniously ＊ ＊ ＊ defraud the revenue of the United States, to smuggle ＇ ＊ ＇ into the United States from British Columbia, Dominion of Canada, certain ＇ ＇ ＇ intoxicating liquors fit for beverage purposes, containing more than one-half of 1 per centum of alcohol by volume; ＇ ＇ ＇ that it was ＇ ＇ ＇ the ＊ ＇ ＇ object of said conspirators ＊ ＇ ＇ feloniously not to declare or report the entry of the said prohibited merchandise," charging a number of overt acts.

Count 4 charges in substance conspiracy to defraud the revenue of the United States by smuggling into the United States, from British Columbia, intoxicating liquor fit for beverage purposes, containing the prohibited alcoholic content, without having obtained a permit, all in violation of law; that it was the purpose not to declare the entry of such merchandise.

Each count of the indictment contains, after naming the defendants, the division, and district, the following: " ＊ ＊ ＇ Then and there being, did then and there knowingly, willfully, unlawfully, and feloniously combine, conspire, confederate, and agree together and with each other; and together with sundry and divers other persons to the grand jurors unknown, to commit certain offenses against the United States of America."

General and special demurrers have been presented to the indictment by many of the defendants upon the ground that the indictment does not allege sufficient facts, fails to particularize or identify the offense, fails to charge the particular defendant with any particular act, is vague and indefinite, that the indictment is bad for duplicity, and that counts 1 and 2 charge a conspiracy to violate the National Prohibition Act, and counts 3 and 4 the Tariff Act.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash., for the United States.

J. L. Finch, of Seattle, Wash., for defendants Olmstead and others.

Edward H. Chavelle and Joseph H. Griffin, both of Seattle, Wash., for certain defendants.

NETERER, District Judge. [1] A conspiracy is a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose, or to accomplish some purpose, not in itself

criminal or unlawful, by criminal or unlawful means. Pettibone v. U. S., 148 U. S. 203, 13 S. Ct. 542, 37 L. Ed. 419.

[2-5] In prosecutions for a conspiracy at common law it was neither necessary to aver nor to prove an overt act. Bannon v. U. S., 156 U. S. 468, 15 S. Ct. 467, 39 L. Ed. 494. An indictment for a conspiracy to promote an unlawful purpose must set forth that purpose fully and clearly, and must set forth the means intended to be used. Commonwealth v. Hunt, 4 Metc. (Mass.) 111, 38 Am. Dec. 346. The gravamen of the crime covered by section 5440, R. S. (section 37 Penal Code [Comp. St. 10201]), is the conspiracy; the overt act being only required to bring it within the operation of the statute. Hyde v. Shine, 199 U. S. 62, 25 S. Ct. 760, 50 L. Ed. 90; Dealy v. U. S., 152 U. S. 539, 14 S. Ct. 680, 38 L. Ed. 545; Pettibone v. U. S., supra; U. S. v. Hirsch, 100 U. S. 34, 25 L. Ed. 539. No formal agreement is necessary; a tacit understanding is sufficient, and it is not essential that each coconspirator have knowledge of the details of the conspiracy or the means to be used. Williamson v. U. S., 207 U. S. 449, 28 S. Ct. 163, 52 L. Ed. 278.

[6] The elements of the conspiracy under the section supra are (a) the act of two or more persons conspiring together; (b) to commit an offense against the United States by defrauding the United States in any manner or for any purpose; (c) the doing of an act to effect the object of the conspiracy. U. S. v. Cassidy (D. C.) 67 F. 698.

[7, 8] Conspiracy is defined as a continuing crime, not renewable by other acts constituting several offenses. U. S. v. Kissel, 218 U. S. 601, 31 S. Ct. 124, 54 L. Ed. 1168. Any party coming into a conspiracy at any stage of the proceedings with knowledge is regarded as a party to all the acts done by any of the other parties, then or afterwards, in furtherance of the common design (U. S. v. Cassidy, supra; Thomas v. U. S., 156 F. 897, 84 C. C. A. 477, 17 L. R. A. [N. S.] 720), and an act of one conspirator in furtherance of the common design is the act of all (Bannon v. U. S., supra; Evans v. U. S., 133 U. S. 589, 14 S. Ct. 934, 38 L. Ed. 830).

[9-11] The purpose of the overt act is to afford a locus pœnitentiæ, when either or all the conspirators may abandon the unlawful purpose. U. S. v. Britton, 108 U. S. 205, 2 S. Ct. 525, 27 L. Ed. 703; Hyde v. Shine, supra. And whether the alleged overt act is such is a question of fact for the jury. U. S. v. Biggs (D. C.) 157 F.

264; Marrash v. U. S., 168 F. 225, 93 C. C. A. 511. It is not necessary to allege in the indictment what acts were done to effect the object of the conspiracy (U. S. v. Benson, 70 F. 591, 17 C. C. A. 293; U. S. v. Boyden, Fed. Cas. No. 14,632), nor set out all the means agreed upon to carry it forward. If one or more means alleged to be used are proven, it is sufficient. Jones v. U. S., 179 F. 584, 103 C. C. A. 142; Olsen v. U. S., 133 F. 849, 67 C. C. A. 21; U. S. v. Cassidy, supra. The indictment need not charge the object of the conspiracy, the substantive crime, with the same particularity as if the substantive crime rather than the conspiracy is the offense charged. Taylor v. U. S. (C. C. A.) 2 F.(2d) 444. The settled rule of pleading requires that the crime may not be charged by way of inference, but set forth accurately every ingredient of which the offense is composed, to enable the court to say whether the facts are sufficient in law to support a conviction (U. S. v. Cruikshank, supra; Blitz v. U. S., 153 U. S. 308, 14 S. Ct. 924, 38 L. Ed. 725), and may not be held insufficient if in form only. Section 1025, R. S. (Comp. St. § 1691).

[12, 13] The indictment must set forth facts, not the law. U. S. v. Nixon, 235 U. S. 231, 35 S. Ct. 49, 59 L. Ed. 207. The true test of the sufficiency of the allegations of an indictment is not whether it might have been made more certain, but whether it contains every element of the offense and sufficiently apprises the defendant of the charge to be met; whether it shows with accuracy to what extent the defendant may plead a former acquittal or conviction (Cochran et al. v. U. S., 157 U. S. 286, 15 S. Ct. 628, 39 L. Ed. 704; Armour Packing Co. v. U. S., 209 U. S. 83, 28 S. Ct. 428, 52 L. Ed. 681; Jones v. U. S., supra), and a judgment is a bar to subsequent prosecution for any offense which could have been proved under the indictment (Miller v. U. S. [C. C. A.] 300 F. 529).

[14, 15] Separate counts in an indictment charge distinct offenses, or because the pleader, having in mind but one offense, varies the statement in the several counts as to the manner or means of its commission, in order to avoid at the trial the acquittal by reason of a lack of harmony between the allegations in the bill and the facts as they may appear at the trial, and each count is in form a distinct charge of the separate offense. Dealy v. U. S., 152 U. S. 539, 14 S. Ct. 680, 38 L. Ed. 545. The conspiracy must be specially charged, and cannot be added to former acts done by one or more of the con-

spirators in furtherance of the conspiracy. U. S. v. Cruikshank, 92 U. S. 542, 23 L. Ed. 588; U. S. v. Hess, 124 U. S. 483, 8 S. Ct. 571, 31 L. Ed. 516; Pettibone v. U. S., supra.

This court, in United States v. Ault, 263 F. 800, at 802, said: "It has been uniformly held that to offend against a law of the United States is to offend against the United States. The gravamen of the crime charged is the conspiracy. At common law the crime was completed when the conspiracy was formed, and it was unnecessary to state the particular means by which the object was to be carried forward; the felonious intent being charged, the means to effect the enterprise was a matter of evidence upon the trial; the bare combination and agreement constituted the crime. 2 Bish. Criminal Practice, §§ 207, 208; 2 Bish. Cr. Law, 171–175, 191, 193, 198. Section 37 requires more than the mere agreement before the combination is brought into operative effect (Hyde v. Shine, 199 U. S. 62, 25 S. Ct. 760, 50 L. Ed. 90), and that is the overt act. Only one overt act need be established. Jones. v. U. S., 179 F. 584, 103 C. C. A. 142; U. S. v. Cassidy (D. C.) 67 F. 698; U. S. v. Burkett (D. C.) 150 F. 213. The object of the statute in requiring an overt act is to afford a locus pœnitentiæ, giving opportunity for meditation and abandoning of the enterprise (U. S. v. Britton, 108 U. S. 199, 2 S. Ct. 531, 27 L. Ed. 698; Hyde v. Shine, supra); nor is it necessary that the conspiracy should be successful (U. S. v. Cohn [C. C.] 142 F. 983; U. S. v. Curley, 130 F. 4, 64 C. C. A. 369). The vitalizing agency is the overt act to effect its object."

[16-18] The indictment is not duplicitous. Duplicity is the union of more than one cause of action in one count. Jackson v. Rundlet, 13 Fed. Cas. 247, No. 7,145. There is no merit in the claim that the conspiracy charged in each count was the commission of more than one offense. The conspiracy is a unit, however varied its effect. Frohwerk v. U. S., 249 U. S. 204, 39 S. Ct. 249, 63 L. Ed. 561; Brewing Co. v. U. S. (C. C. A.) 206 F. 386; Knoell v. U. S., 239 F. 16, 152 C. C. A. 66; Anderson v. U. S. (C. C. A.) 273 F. 20. Nor is the indictment objectionable because causes are improperly joined. The conspiracy charged in each count is a distinct offense, and belongs to the same class of crimes, and under the statute may be joined. R. S. § 1024 (Comp. St. § 1690); Pointer v. U. S., 151 U. S. 396, 14 S. Ct. 410, 38 L. Ed. 208; Chadwick v.

U. S., 141 F. 225, 72 C. C. A. 343; Hartman v. U. S., 168 F. 30, 94 C. C. A. 124.

[19-21] The indictment is prolix, but that is not fatal. Measured by the requirements of approved authority, the indictment, I think, sets out the necessary elements, the confederation and agreeing together and with each other to do the prohibited thing, the manner in which it was to be done, and the object to be attained, and the overt acts committed by one or more of the parties charged. It is not necessary to charge a particular defendant with a particular act, and the identity of the particular offense I think is sufficiently particularized. See, also, Rulovitch v. U. S. (C. C. A.) 286 F. 315; Schliefer v. U. S. (C. C. A.) 288 F. 368; Miller v. U. S. (C. C. A.) 300 F. 529.

What is said applies to the general and special demurrers of all defendants, and all are overruled.