McCALEB, Justice.
 

 Appellant was charged with a criminal conspiracy in that he, with' three others, planned to defraud an insurance company by feigning that he had been robbed of diamonds and other jewelry valued at over $10,000,. which were insured against loss by theft under a policy issued in his favor. He was tried and convicted by the judge
 
 [1]
 
 and sentenced to serve .seven months in the parish prison. Four bills of exception were reserved during the proceedings below, upon which appellant seeks a reversal of his conviction.
 

 Bills Nos. 1 and 2 are identical in form and substance. They were taken to the overruling of a demurrer and. motion to-quash which were based on the ground that the'overt act, alleged in the Bill of Information, is insufficient to constitute the crime charged.
 

 The Bill of Information, after' alleging that appellant conspired with one Adams-,, one Somerset and one Marullo to defraud appellant’s insurer by falsely pretending-that the other conspirators had robbed appellant, sets forth:
 

 “that in furtherance of said conspiracy and' as one of the overt acts committed in furtherance of said conspiracy, the aforesaid Adams and Somerset did on the 24th day of March, 1948, ride from a point in the City of New Orleans, to-wit: 517 Canal Street, with the said DTngianni in an automobile to some point outside of the Parish of Orleans and thereafter left the said DTngianni on the pretense of having taken the said DTngianni by force and violence in said automobile and by force and violence robbed said DTngianni of the aforesaid items.of jewelry, that all of said pretended force and violence and pretended' robbery of the said DTngianni was part of the unlawful conspiracy entered into by all of the defendants named herein, unlawfully to commit the crime of theft by said fraud, of the goods and money of the afore
 
 *955
 
 ■said Trinity Universal Insurance Company,
 

 In enacting a Criminal Code in 1942, tlie Legislature included therein the general inchoate offense of criminal conspiracy which had not; prior to 1940, (see Act No. 16 •of 1940), been denounced (except for conspiracy to commit certain offenses) by the laws of this State.
 

 Conspiracy may be generally defined as a combination between two or more persons to accomplish, by concerted action, a criminal or unlawful purpose. At common law, a conspiracy is complete without the doing of an overt act in furtherance thereof. 15 C.J.S., Conspiracy, .§ 43(a), pg. 1066. However, under most statutes and particularly the Federal law, Cr.Code, § 37, 18 U.S.C.A. § 88 [now § •371] upon which Article 26 of our Criminal Code is patterned, it is provided that an overt act is necessary to complete a criminal conspiracy.
 

 Under Article 26 of the Criminal Code, •a criminal conspiracy is defined to be an agreement of two or more persons for the specific purpose of committing any crime “provided that an agreement or combination to commit a crime shall not amount to a criminal conspiracy unless, in addition to such agreement or combination, one or more of such parties does an act in furtherance of the object of the agreement or •combination.”
 

 Counsel for appellant say that the overt •act, set forth in the information, is deficient because the fact that appellant and his co-conspirators rode in an automobile to some point outside of the Parish of Orleans could not possibly tend to further the alleged conspiracy to defraud the insurance company.
 

 The argument is not impressive. The information charges that the automobile trip taken
 
 by
 
 the conspirators was in furtherance of their object and this is adequate, as it is unnecessary to aver the manner in which the act tended to support the conspiracy. 15 C.J.S., Conspiracy, § 88(b), pp. 1132, 1133. The overt act need not be an unlawful act; it may be any act, however innocent in itself, accompanying or following the agreement, which is done in furtherance of its object. Marino v. U. S., 9 Cir., 91 F.2d 691, 113 A.L.R. 975, and authorities there cited.
 

 The complaint of counsel for appellant is founded upon the fallacious theory that some step would have had 'to be taken by one or more of the conspirators with respect to the insurance company in order to have set the conspiracy in motion. In arguing thus, counsel confuse the overt act in the crime of conspiracy with that required for an unlawful attempt to commit an offense as denounced by Article 27 of the Criminal Code. In conspiracy, it is the combination of minds in an unlawful purpose which is the foundation of the offense. Hyde v. U. S., 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114, Ann.Cas.l914A, 614. The reason why an
 
 *957
 
 overt act is required in order for a conspiracy to be punishable “is to afford a locus poenitentiae, when either or all the conspirators may abandon the unlawful purpose.” U. S. v. Olmstead, D.C., 5 F.2d 712, 714, citing U. S. v. Britton, 108 U.S. 192, 2 S.Ct. 525, 27 L.Ed. 703 and Hyde v. Shine, 199 U.S. 62, 72, 25 S.Ct. 760, 50 L.Ed. 90. As above stated, the overt act may be any act in furtherance of the agreement; a fortiori, it is not necessary that it constitute the crime and the question whether it serves to support the object of the conspiracy is one of fact for the jury. On the other hand, it is necessary, in prosecutions for attempt, for the State to prove an overt act tending directly toward the accomplishment by the accused of his object to commit the offense intended; mere preparation is not enough. Article 27, Cr. Code. Any act, such as a visit by one of the parties to his co-conspirator for the purpose of discussing details, might suffice as an overt act to complete a criminal conspiracy although such an act would be regarded as merely preparatory in a prosecution for an attempt. U. S. v. Rachmil, D.C., 270 F. 869. Thus, in the case at bar, the charge that the conspirators, in furtherance of their object, took an automobile ride, was wholly sufficient as an overt act and it was unnecessary to allege that contact was made with the insurance company in order for the ■ conspiracy to be complete.
 

 The third bill of exceptions was taken to the overruling of a motion in arrest of judgment in which the alleged insufficiency of the overt act, as contained in the information, was again reiterated and in which, it was further contended that the evidence did not sustain the conviction, i. e., that the corpus delicti had not been proved.
 

 The attack on the Bill of Information is not well founded for the reasons-above stated and the other alleged errors-complained of are not patent on the face-of the record. Therefore, they cannot be considered on a motion in arrest of judgment. Article 517, Code of Criminal Procedure; State v. Keife, 165 La. 47, 115 So, 363; State v. Capaci, 179 La. 462, 154 So. 419; State v. Daleo, 179 La. 516, 154 So. 437; State v. Oliver, 193 La. 1084, 192 So. 725 and State v. Scallan, 201 La. 1026, 10; So.2d 885.
 

 The other bill of exceptions was-taken to the overruling of appellant’s motion for a new trial. In the motion, appellant complained (1) That the verdict was contrary to the law and the evidence.. This presents nothing for review. State v. Hart, 183 La. 443, 164 So. 166; State v. Smith, 193 La. 706, 192 So. 106. (2) That the other bills of exception showed error committed to his prejudice. These bills-are above discussed and disposed of. (3) That the ends of justice would be served by the granting of a new trial. This likewise presents nothing for review. State v. Willson, 215 La. 507, 41 So.2d 69.
 

 The motion for a new trial was filed on February 3, 1950. Thereafter, on March
 
 *959
 
 2nd, counsel for appellant, with leave of court, filed an amended motion, in which they undertook a discussion of the evidence and the law allegedly applicable thereto, and argued that the State had failed to establish any act committed by any of the conspirators in furtherance of the conspiracy subsequent to its formation. The judge, after considering the contentions of counsel, overruled the motion for a new trial and in his per curiam reviewed the evidence establishing the conspiracy and demonstrated that there were at least five overt acts committed by the conspirators in furtherance thereof.
 

 The amended motion for a new trial seems to be in the same category as the original motion in that it is grounded upon an alleged insufficiency of evidence and, therefore, would present matters not within our appellate jurisdiction, which is restricted to questions of law in criminal cases under Section 10 of Article 7 of the Constitution. This court may investigate evidence only where it is contended that there was none at all to sustain the conviction but, in such instances, it is requisite, for purposes of review, that the appellant annex to his motion all of the evidence taken at the trial. See State v. Singley, 195 La. 519, 197 So. 218; State v. Lassiter, 198 La. 742, 4 So.2d 814 and State v. Drew, 202 La. 8, 11 So.2d 12.
 

 Since the foregoing procedure was not followed in the case at bar, we would be justified in holding that the contentions urged by defense counsel in the amended motion for a new trial have not been properly presented. However, inasmuch as all of the evidence taken below has been brought up with the record, even though counsel did not formally request that it be annexed to and made part of the bill of exceptions reserved to the overruling of the motion for a new trial,
 
 [2]
 
 we have considered the points made by counsel and find that there is no merit in them.
 

 The evidence plainly exhibits the concoction by appellant and one Adams of a scheme to defraud the insurance company by pretending that appellant had been robbed of the jewelry which was covered under a theft policy. The trial judge found, and we concur in his findings, that the following overt acts were committed in furtherance of the plan.
 

 1. Transfer and delivery by appellant to Adams of a Cadillac automobile to be used by the latter as a means of transportation to New York, where he was to dispose of the insured jewelry.
 

 2. Transporting appellant from a restaurant on Highway 90 to a point near his home.
 

 
 *961
 
 3. Removal by appellant of initials on his wrist watch (part of the jewelry insured) so that it could not be identified as •stolen property when pawned by Adams.
 

 4. Appellant’s delivery to Somerset of certain items of jewelry in a handkerchief to be passed on to Adams.
 

 5. Adams’ act in leaving New Orleans with the jewelry and driving to Biloxi, Mississippi with the intention of continuing to New York.
 

 The conviction and sentence are affirmed.
 

 [1]
 

 . Criminal conspiracy to commit theft is a misdemeanor and, therefore, triable by the judge without the intervention of a jury. Article 340, Code of Criminal Procedure.
 

 [2]
 

 . Sending up the evidence taken at the trial appears to be the prevalent practice in appeals from the Criminal District Court for the Parish of Orleans. We are not aware of the authority for it.