476 So.2d 1158 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
Charlie WALKER, Defendant-Appellant.
No. CR85-164.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1985.
*1160 Cynthia C. Guillory, Lake Charles, for defendant-appellant.
Jerry G. Jones, Dist. Atty., Cameron, for plaintiff-appellee.
Before DOMENGEAUX, FORET and YELVERTON, JJ.
YELVERTON, Judge.
Defendant, Charlie Walker, 63, was convicted by a jury of the crimes of conspiracy to distribute marijuana (LSA R.S. 14:26, R.S. 40:966 and R.S. 40:979) and distribution of marijuana (R.S. 40:966). Following a sentencing hearing the trial court sentenced him to five years in the custody of the Louisiana Department of Corrections for the conspiracy conviction, and eight years for the distribution, to run concurrently. Defendant appeals assigning three errors: (1) insufficiency of evidence, (2) prejudicial evidence during the sentencing hearing, and (3) an excessive sentence. We find no error. We affirm the convictions and the sentences.

FACTS
Defendant Charlie Walker, a resident of Freeport, Texas, was caught on December 17, 1982, in Cameron, Louisiana, distributing a sample of marijuana and making arrangements for the sale of a quantity worth $250,000. Three days earlier, a U.S. Customs Service undercover agent was contacted by Andrus Lee Edwards, Walker's nephew, and they discussed the sale to the agent of 500 pounds of marijuana at $500 a pound. Subsequent conversations resulted in arrangements for Edwards, Walker, and the agent to meet in Cameron, so that Edwards and Walker could produce a sample of the goods and the agent could demonstrate by a show of cash his ability to produce the money.
At this meeting, which was conducted at the Cameron Hotel, there were present two Customs agents, and two other agents, one from the Cameron Parish Sheriff's Department and the other from the Louisiana State Police, these four acting as buyers. The sellers were a group of three, including defendant Walker and his nephew, Edwards. It was made clear throughout that the defendant Walker was in charge of the sale. He was the one who did the talking. The details were discussed, and a second meeting in Texas was arranged for the exchange of the sale for the marijuana. This meeting never occurred. Defendant was later arrested.

Assignment of Error No. 1
Defendant contends that both verdicts were based on insufficient evidence.
The standard of review when considering the sufficiency of the evidence to support a criminal conviction is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Richards, 426 So.2d 1314 (La.1982).
The elements of the crime of conspiracy, LSA-R.S. 14:26, are (1) an agreement or combination of two or more persons for the specific purpose of committing a crime, plus (2) an act done in furtherance of the object of the agreement or combination.
The defendant argues that the State failed to carry its burden of proving these elements. His argument is that, although a plan to buy and sell marijuana existed, the actual "buy session" never occurred. As a result, the defendant argues there was no act in furtherance thereof, therefore, there was no conspiracy.
The evidence shows beyond a reasonable doubt that an agreement was reached between Walker and the agents for the specific purpose of committing the crime of distribution of marijuana. R.S. 40:966 requires the State to prove the actual distribution of a controlled dangerous substance. Additionally, the evidence shows beyond a reasonable doubt that an act was done in furtherance of the object of the agreement. *1161 In State v. Richards, 426 So.2d at 1317, the Louisiana Supreme Court said:
"An overt act need not be an unlawful act; it may be any act, however, innocent in itself, accompanying or following the agreement, which is done in furtherance of its object. State v. Rittiner, 341 So.2d 307 (La.1976); State v. D'Ingianni, 217 La. 945, 47 So.2d 731 (1950).
In the instant case, the defendant's trip to Cameron in order to provide the undercover law enforcement agents with a sample of the marijuana, to view the money to be used in the purchase, and to make plans for a subsequent sale of a large quantity, were acts done in furtherance of his plan to sell marijuana. Conspiracy to commit a crime is an inchoate crime separate and distinct from the completed criminal act. State v. Richards, supra. It was not necessary to complete the substantive criminal act in order to complete the crime of conspiracy.
The evidence equally shows beyond a reasonable doubt that the elements of the crime of distribution of a controlled dangerous substance, R.S. 40:966, were proved. When the defendant provided the undercover law enforcement agents with a sample of marijuana, there was a distribution.
The proof of both offenses met the Jackson v. Virginia standard. This assignment of error lacks merit.

Assignment of Error No. 2
The trial judge conducted a sentencing hearing about two and a half months after the trial, and permitted both the State and the defendant to put on testimony of witnesses.
One of the witnesses for the State was Edwards, a co-conspirator, who was also defendant's nephew. The other was Detective Lieutenant Larry Bullard of Freeport, Texas, where defendant lived.
Defendant complains that the testimony of these witnesses was improperly considered at the sentencing hearing. The co-conspirator explained defendant's participation in the offenses for which they were both convicted. Because this witness did not testify at the trial on the merits, defendant complains that it was improper to consider his testimony at the sentencing hearing. We disagree. The testimony of this witness was brief and added nothing to what the trial court already knew from the testimony at the trial. We can see no difference, however, between considering a co-conspirator's testimony at a sentencing hearing, and considering his confession which implicates his co-conspirators. In State v. Washington, 414 So.2d 313 (La. 1982), the trial court, when imposing sentence, considered the confession of defendant's co-conspirator which implicated defendant in other criminal activity, and the Supreme Court said:
"The sources of information from which a sentencing court may draw are extensive, and traditional rules of evidence are not bars to consideration of otherwise relevant information."
The testimony of the police officer as to defendant's prior criminal activity was also properly considered. That objection is also answered by State v. Washington, supra, when it said:
"Prior criminal activity is one of the factors under art. 894.1 to be considered by the trial judge in sentencing a defendant. Prior criminal activity is not limited to convictions."
Defendant knew well in advance that this testimony would be offered, and was afforded every opportunity to cross examine the witnesses and otherwise rebut the testimony, and to speak in mitigation.
This assignment of error has no merit.
Assignment of Error No. 3
Defendant argues that the sentences (five and eight years, concurrent) were excessive considering his advanced age, his health, the absence of a felony record, the small amount of marijuana distributed, and lack of proof of an actual conspiracy.
Taking these arguments up in reverse order beginning with proof of his guilt, we have already discussed in Assignment of Error No. 1 that the jury had sufficient *1162 evidence to find he was guilty of conspiracy to distribute a controlled dangerous substance.
It is true that the amount of marijuana involved in the distribution charge was small, merely a "sample", but it was a sample of what was promised to be 500 pounds.
Defendant has a felony record. In 1983 he was convicted in Texas of a felony involving sale of drugs. In 1981 he was convicted of a drug misdemeanor in Texas, reduced from a felony delivery charge. Again in 1982, he was convicted in Texas of possession of a controlled dangerous substance, a misdemeanor. These convictions were established by documentary evidence, as well as by the testimony at the sentencing hearing of Detective Bullard, who knew the defendant personally and had arrested him on many occasions. This witness testified that, in addition to his convictions, defendant had been arrested several other times on such charges. It is noteworthy that in October 1984 the District Attorney wrote the sentencing judge notifying him that Detective Bullard would be called to testify at the then scheduled December 5, 1984, sentencing hearing, sending a copy of that letter to counsel for defendant. At the sentencing hearing, defendant did not deny nor did he offer any evidence contradicting the proof of his prior criminal record.
Defendant called Dr. Cecil Clark in order to show that he was in bad health. Dr. Clark said his health was about what was to be expected for a man his age.
The sentencing judge thoroughly complied with the guidelines of C.Cr.P. art. 894.1. The court noted defendant's long activity in drug-related crimes, the fact that he apparently had no dependents, and the absence of any demonstrated mitigating factors.
The maximum sentence for distribution of marijuana is 10 years at hard labor (R.S. 40:966). The maximum for conspiracy to distribute marijuana is five years at hard labor (R.S. 40:966, R.S. 14:26 and R.S. 40:979). The sentence was eight years, near the maximum, for distribution, and five years, the maximum, for the conspiracy.
Maximum sentences are to be reserved for the most egregious and blameworthy of offenders. State v. Telsee, 425 So.2d 1251 (La.1983). Based on the information supplied to us by means of the trial court's compliance with the sentencing guidelines, as well as the information contained in the presentence investigation report in the record, together with the records of the trial and sentencing hearing, we have no hesitancy in finding this defendant received the right sentences; they were not excessive.
For these reasons, the convictions and sentences are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs but feels, for reasons stated many times previously, that appellate courts should not be made to review sentences for excessiveness and further that the Jackson standard should not apply to Louisiana criminal appellate cases.