485 So.2d 212 (1986)
STATE of Louisiana, Appellant,
v.
Kenneth JOLES, Appellee.
No. 17649-KA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1986.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James D. Caldwell, Dist. Atty., Tallulah, George F. Fox, Jr., Asst. Dist. Atty., Lake Providence, for appellant.
Kidd & Kidd by Milton Dale Peacock, Monroe, for appellee.
Before MARVIN, SEXTON and NORRIS, JJ.
SEXTON, Judge.
In this appeal the State of Louisiana contends that the trial court erred in sustaining the defendant's motion to quash the charge against him of conspiracy to commit first degree murder. We affirm.
The defendant, Kenneth Joles, was originally charged by bill of information with conspiracy to commit first degree murder and with inciting a felony. The conspiracy bill of information charges that the defendant "[c]onspired with Steve Zappas to commit First Degree Murder of William Coenen." On July 22,1985, a hearing was held which served as a preliminary examination and as a hearing on the motion to quash. Subsequent to the adverse trial court ruling, the state appealed under the authority of LSA-C.Cr.P.Art. 912 B(1).
The alleged conspiracy began on or about May 30, 1985 when the defendant and Steve Zappas were incarcerated at the East Carroll Parish Prison Farm. At that time Joles informed Zappas that he wanted to hire Zappas to kill the district attorney for the Fifth Judicial District, Billy Coenen. After several fruitless attempts, Zappas was able contact Sheriff Dale Rinicker of East Carroll Parish on about June 3 or 4, 1985, at which time the sheriff informed Zappas to at least temporarily "go along" with Joles.[1]
On June 7th, Zappas informed Joles that he needed a gun and $180 to purchase the explosives needed to kill Coenen. Joles stated that this requirement did not present a problem as he could obtain the money from his son in Texas. Approximately one week later, on June 15, 1985, Zappas told Joles that he would need more money for the explosives. Joles agreed to pay $250. Zappas obtained the $250 from Joles on June 15, 1985.
On June 22, 1985, Zappas, following instructions given by Joles, drove to Joles' residence for the purpose of obtaining a *213 gun and a birth certificate to be used in the enterprise. Joles had placed these items in his truck parked at the residence. Noteworthy, is the fact that Joles instructed Zappas that if the gate to the driveway was closed that Zappas should not come to the residence.[2]
In this regard, Zappas testified that he was instructed to take certain actions because Joles did not want his family to know anything "about what was going on." While Zappas testified that Joles stated it would be necessary to obtain the money required to purchase the gun and explosives from his son in Texas, there is no evidence that the funds were actually obtained from the defendant's son or that the son was aware of the existence of the enterprise. Significantly, the son is not named in the bill of information as a co-conspirator.
It is also significant that Zappas testified that he never intended to kill Mr. Coenen. He stated he was merely following the instructions of Sheriff Rinicker to "go along" with Joles until the authorities were prepared to arrest Joles.
Thus, as the trial court determined, there is no evidence that any other party was involved in the planning of the murder of Mr. Coenen or that any other party took a step in furtherance thereof other than the defendant Joles or the informant Zappas. As a result, the trial court quashed the bill of information because there were only two people involved in the alleged conspiracy and one of these was an agent for the state who never had the specific intent to commit the underlying offense. Therefore, the trial court determined that an essential element of the offense of conspiracy was not present.
The sole issue to be determined in our review of the validity of the motion to quash the conspiracy bill is whether it is possible in Louisiana for a criminal conspiracy to exist between two people when one of these persons, as a state agent, has no intention to commit the crime involved. The state agent, of course, cannot be convicted of conspiracy. It was only after contacting the sheriff and being told to "go along" that Zappas did any act in furtherance of the defendant's wishes. The record does not indicate that any other person, other than law enforcement personnel, were even aware of the scheme.
The Louisiana conspiracy statute, LSA-R.S. 14:26, is based on federal law, particularly, 18 U.S.C.A. § 371; State v. D'Ingianni, 217 La. 945, 47 So.2d 731, 732 (1950); 3 La.L.Rev. 98, 157. Our statute defines criminal conspiracy as:
A. Criminal conspiracy is the agreement or combination of two or more persons for the specific purpose of committing any crime; provided that an agreement or combination to commit a crime shall not amount to a criminal conspiracy unless, in addition to such agreement or combination, one or more of such parties does an act in furtherance of the object of the agreement or combination.
If the intended basic crime has been consummated, the conspirators may be tried for either the conspiracy or the completed offense, and a conviction for one shall not bar prosecution for the other.
At least eight federal circuits have firmly established the rule that there can be no conspiracy with a government agent who intends to frustrate the enterprise. United States v. Barnes, 604 F.2d 121 (2d Cir. 1979), cert. denied, 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed.2d 260 (1980); United States v. Chase, 372 F.2d 453 (4th Cir.1967), cert. denied, 387 U.S. 907, 87 S.Ct. 1688, 18 L.Ed.2d 626 (1967); Sears v. United States, 343 F.2d 139 (5th Cir.1965); United States v. Pennell, 737 F.2d 521 (6th Cir.1984), cert denied, ___ U.S. ___, 105 S.Ct. 906, 83 L.Ed.2d 921 (1985); United States v. Moss, 591 F.2d 428 (8th Cir.1979); United States v. Escobar De Bright, 742 F.2d 1196 (9th Cir.1984); United States v. Newman, 733 F.2d 1395 (10th Cir.1984); United States v. *214 Tombrello, 666 F.2d 485 (11th Cir.1982), cert. denied, 456 U.S. 994, 102 S.Ct. 2279, 73 L.Ed.2d 1291 (1982).
However, the state argues on appeal that the Louisiana and federal statutes are distinctive as the federal statutes generally require that two or more persons "conspire," while the Louisiana statute defines conspiracy as "the agreement or combination of two or more persons." The state argues that the term "combination" indicates an intent by our legislature to broaden the federal concept. In other words, the state argues that even though there may have been no "agreement" in the instant case because the state agent never intended to pursue the conspiracy, that the term "combination" is sufficiently broad to include the circumstances which occurred here.
We disagree. The word "combination" does not obviate the necessity for at least two parties to possess malefic intent for a conspiracy to exist. We thus determine that the pertinent statute requires criminal intent in the mind of at least two persons, and, of course, an overt act in furtherance of the enterprise, for a conspiracy to exist. The clear purpose of LSA-R.S. 14:26 is to criminalize the conduct of two or more persons who intend a criminal act and as a result of that intentionmanifested as an agreement or combinationone of these does something in furtherance of the intended criminal act. See generally, Reporter's Comment, LSA-R.S. 14:26.
For the foregoing reasons, the judgment of the trial court quashing the conspiracy information is affirmed.
AFFIRMED.
NOTES
[1] It should be noted that the record indicates that earlier, on or about May 1, 1984, while Zappas was in a conversation with another inmate, Gary Armstrong, concerning the different types of explosives and weapons which the two had handled while in Vietnam, the defendant, Joles, who was also present, inquired as to the use of grenades and whether they were capable of blowing up a vehicle.
[2] Apparently, both parties had been released from jail at the time of the June 15th and 22nd meetings. However, the record is unclear as to the reason for the release of each.