h SAUNDERS, Judge.
The Defendant, Latron A. Smith (hereinafter “Defendant”), in count one of the bill of information was charged with conspiracy to commit armed robbery and in count two was charged with armed robbery with a dangerous weapon. On February 11, 1998, Defendant was tried before a twelve person jury which found him guilty of conspiracy to commit armed robbery. The jury acquitted Defendant of armed robbery. The trial court sentenced Defendant to serve thirty years at hard labor without benefit of parole, probation, or suspension of sentence, subject to credit for any time previously served. He now appeals the conviction. We affirm.
| BACKGROUND FACTS
On April 6, 1997, the 0 & M Quick Stop was robbed at gunpoint by a man who fled the scene in a white Geo Tracker driven by Defendant. The vehicle was spotted and pursued by a Vernon Parish Sheriffs Deputy. The pursuit ended after the vehicle driven by Defendant stopped and he fled on foot into a nearby apartment complex. The sheriff placed the passenger, Adrien Green, under arrest at the scene and recovered evidence of the robbery from Green’s person. Later that day, Defendant was arrested and charged with armed robbery. On February 11, 1998, the jury rendered a guilty verdict as to count one, and not guilty on count two. The Defendant was charged as a habitual offender based on a prior felony conviction for cocaine distribution. Accordingly, Defendant was sentenced to thirty years at hard labor without benefit of parole, probation, or suspension of sentence.

ASSIGNMENT OF ERROR

Defendant contends that there was insufficient evidence to convict for conspiracy to commit armed robbery. For the following reasons, we disagree.
When the issue of sufficiency of evidence is raised in an appeal, the reviewing court must inquire as to whether any rational trier of fact could have found the essential elements of the crime proven beyond any reasonable doubt after viewing all the evidence in a light most favorable to the prosecution. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982).
It is the role of the fact finder to weigh the respective credibility of the witnesses, and, therefore, the appellate court should not second-guess the determination of the trier of fact beyond sufficiency evaluations under the Jackson standard of review. See State ex. rel. Graffagnino, 436 So.2d 559 (citing State v. Richardson, 425 So.2d 1228 (La.1983)). In State v. Taylor, 96-1043, p. 5 (La.App. 3 Cir. 2/5/97); 688 So.2d 1262, 1267 this court stated:
A fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Jackson, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Where rational triers of fact could disagree as to the interpretation of the evidence, the rational' trier’s view of all evidence most favorable to the prosecution must be adapted on review. Only irrational decisions to convict by the trier of fact will be overturned. See State v. Mussall, 523 So.2d 1305 (La.1988).
To obtain a conviction, the state must prove the elements of the crime beyond a reasonable doubt. Criminal conspiracy is defined in La.R.S. 14:26, (A), as:
Criminal conspiracy is the agreement or combination of two or more persons for the specific purpose of committing any crime; provided that an agreement or combination to commit a crime shall not amount to a criminal conspiracy unless, in addition to such agreement or combination, one or more such parties does an *864 act in furtherance of the object of the agreement or combination.
If the intended basic crime has been consummated, the conspirators may be tried for either the conspiracy or the completed offense, and a combination for one shall not bar prosecution for the other.
Armed robbery is defined in La.R.S. 14:64 as:
Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
The first element which must be proven beyond a reasonable doubt is the overt act. “An overt act need not be an unlawful act; it may be any act, however innocent in itself, accompanying or following an agreement, which is done in furtherance of its object.” . State v. Richards, 426 So.2d 1314, 1317 (La.1982).
In the case before us, there is conflict regarding the role Defendant played in the armed robbery. The clerk working at the time of the robbery identified Defendant out of a photo line-up without hesitation. At trial, the clerk again identified 1¿Defendant as the perpetrator. The clerk’s testimony clearly incriminates Defendant as the robber. The clerk testified that after taking the money, the robber stuffed the money into his pants. The clerk also testified that after leaving the store, the robber got into the passenger side of the car being driven by another man whom she could not see.
Further testimony and evidence implicates one Adrian Green as the robber and Defendant as the driver of the getaway vehicle. Deputy Thomas Sumney, the patrolman who pursued the vehicle, testified that after the vehicle stopped, a “tall person” ran from the vehicle and into the nearby Mona Lisa Apartments. Detective Sumney then approached the remaining person in the passenger side of the vehicle and took him into custody. This person was later identified as Adrian Green. Deputy Sumney testified that a search of Green’s person uncovered cash, a credit card, a telecommunications card and food stamps hidden in his underwear, just as the clerk had stated.
Despite the conflicting testimony as to the actual identity of the armed robber, this court believes a rational juror could have concluded Defendant was either the robber or the driver, and thus, committed an act in furtherance of the completed offense. Since an “act in furtherance” does not necessarily have to be an unlawful act, either of these roles is enough to satisfy the overt act element.
We must now address the “agreement” element. “The term conspiracy generally means a plan by two or more persons to accomplish some unlawful, immoral, criminal or evil purpose.” Walker v. American Honda Motor Co. Inc., 93-1659, p. 4 (La.App. 3 Cir. 6/1/94); 640 So.2d 794, 796., writ denied, 94-1741 (La.10/7/94); 644 So.2d 644. Further:
In a conspiracy, it is the combination of at least two minds for an unlawful purpose which is the foundation of the offense. Conspiracy | ¡Jmports a corrupt agreement between not less than two people with guilty knowledge on the part of each. The clear purpose of LSA-R.S. 14:26 is to criminahze the conduct of two or more persons who intend a criminal act and as a result of that intention— manifested as an agreement or combination' — one of these does something in furtherance of the intended criminal act.
State v. Lowery, 609 So.2d 1125, 1129 (La. App. 2 Cir.1992), writ denied, 617 So.2d. 905 (La.1993). “ It is essential to a conspiracy that there be a joining of two minds to accomplish a concerted action *865 which has an unlawful purpose.” Id. at 1130. See State v. D’Ingianni, 217 La. 945, 47 So.2d 731 (1950). Criminal intent to commit a specific offense must exist in at least two minds. State v. Joles, 485 So.2d 212 (La.App. 2 Cir.1986). Specific intent is defined as the state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or his failure to act. La.R.S. 14:10(1). Intent may be inferred from the circumstances of the transaction and the actions of the defendant. La.R.S. 15:445; State v. Boyer, 406 So.2d 143 (La.1981); State v. Beck, 445 So.2d 470 (La.App. 2 Cir.), unit denied, 446 So.2d 315 (La.1984).
In support of this element, the state relies on three pieces of circumstantial evidence: first, that Green was in the passenger seat of the vehicle when he was arrested six minutes after the robbery, (which tends to prove Defendant was the driver); second, that Defendant sped away when he saw the police car; and third, Defendant’s flight from the scene when the vehicle stopped at the Mona Lisa Apartments.
The elements of conspiracy may be proven by direct or circumstantial evidence. State v. Stewart, 452 So.2d 186 (La.App. 4 Cir.), writ denied, 456 So.2d 1014 (La.1984). La.R.S. 15:438 provides:
The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.
1 fiThis is not a separate test from Jackson, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). Essentially, all the circumstantial evidence must meet the Jackson reasonable doubt standard. “Stated another way, where the evidence is purely circumstantial, if it does not exclude every reasonable hypothesis of innocence, a rational juror cannot find defendant guilty beyond a reasonable doubt without violating constitutional due process safeguards.” State v. Camp, 92-1842, p. 10 (La.App. 4 Cir. 7/27/94); 641 So.2d 702, 707., writ denied, 94-2215 (La.2/17/95); 650 So.2d 250, citing State v. Monds, 91-589 (La.App. 4 Cir. 1/14/94); 631 So.2d 536, 539-540, writ denied, 94-0626 (La.4/22/94); 637 So.2d 164. When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982).
This court decided in State v. Laws, 95-593 (La-App. 3 Cir. 12/6/95); 666 So.2d 1118, 1121, writ denied, 96-0089 (La.9/13/96); 679 So.2d 102, “If a case involves circumstantial evidence, and a rational trier of fact reasonably rejects the defendant’s hypothesis of innocence, that hypothesis fails; and unless another one creates reasonable doubt, the defendant is guilty.”
Defendant contends in brief that “the jury’s verdict of guilty to conspiracy to commit an armed robbery is totally irrational and illogical in light of the fact that the jury found the appellant ‘not guilty’ to commit armed robbery.” Defendant further asserts that the “circumstantial evidence presented could not have excluded every reasonable hypothesis of innocence when examining the law of principles with respect to the jury verdict on the primary offense of armed robbery.” However, |7La.R.S. 14:26 specifically says that a conviction on the basic crime does not bar prosecution on the conspiracy charge. This would seem to mean that if one is found not guilty of the basic crime, that individual could still be convicted of conspiracy, a separate offense *866 with different evidentiary standards. Defendant testified that the first he knew of the robbery was when Adrian Green returned to the car with a gun in hand and yelled at him to drive off. Defendant testified that his flight from police was based both on fear of the gun held by Adrian Green and on the belief that if caught, he would have his parole revoked. The jury apparently found Defendant’s hypothesis unbelievable and ruled it out as unreasonable when they found him guilty of conspiracy to commit armed robbery. The jury was within its given authority when it chose to reject Defendant’s testimony that he acted under duress. This court will not second-guess the credibility determination of the trier of fact beyond a sufficiency of the evidence review. State v. Buchanan, 94-488 (La.App. 3 Cir. 11/2/94); 649 So.2d 586., writ denied, 94-2956 (La.3/24/95); 651 So.2d 287.

DECREE

For the foregoing reasons, the conviction and sentence of Defendant are affirmed.
AFFIRMED.
COOKS, J., DISSENTS AND ASSIGNS WRITTEN REASONS.