539 So.2d 1232 (1989)
STATE of Louisiana
v.
David C. ALLEN.
No. 88-K-1142.
Supreme Court of Louisiana.
March 13, 1989.
*1233 Mark H. Kramer, Leesville, for applicant.
William J. Guste, Jr., Atty. Gen., William E. Tilley, Dist. Atty., David W. Burton, Asst. Dist. Atty., for respondent.
MARCUS, Justice.
David C. Allen was indicted by the grand jury for two counts of conspiracy to commit arson with the intent to defraud in violation of La.R.S. 14:26 and for two counts of arson with intent to defraud in violation of La.R.S. 14:53. Counts 1 and 2 involve a fire at the dwelling of Thomas G. Allen (defendant's brother) on or about September 22, 1984. Counts 3 and 4 involve a fire at defendant's dwelling on or about September 27, 1985. After trial, the jury found defendant guilty on the counts of conspiracy to commit arson with the intent to defraud (counts 1 and 3) and not guilty on the counts of arson with intent to defraud (counts 2 and 4). Thereafter, the trial judge sentenced defendant.[1] Defendant appealed. The court of appeal affirmed his convictions and sentences.[2] Upon defendant's application to this court, we granted a writ of certiorari.[3] Finding that the trial judge erred in not granting defendant's motion to recuse the assistant district attorney who assisted in the prosecution of this case, we reverse the convictions and sentences and remand for a new trial.
The fire at the dwelling of Thomas G. Allen (defendant's brother) resulted in the total destruction of Thomas' house in September of 1984. The investigation took place several months after the fire and no actual cause of that fire was ever determined. However, defendant admitted to at least one other person that he started the fire at his brother's home for $1,000. After the fire, Thomas Allen filed a proof of loss with his insurance company and received compensation for his losses. On December 6, 1984, defendant began bankruptcy proceedings which resulted in his discharge on March 28, 1985. Vernon B. Clark was defendant's attorney in the bankruptcy proceedings. In September of 1985, Thomas Allen was arrested leaving defendant's house and moments later smoke was detected rising from the roof. A small fire was discovered in the attic, having started in a pile of newspapers, but had burned itself out. Defendant's home was under police surveillance as a result of information disclosed by a friend of defendant. After the fire, on October 4, 1985, the bankruptcy trustee executed a notarial act of abandonment, relinquishing all right, title, or interest which defendant's estate had in and to defendant's dwelling. Subsequently, defendant and his wife executed a quitclaim deed in favor of the mortgage creditor (filed October 10, 1985).
Defendant was indicted for conspiracy to commit arson with intent to defraud and for arson with intent to defraud of both dwellings. The state was represented at trial by David Burton, a special prosecutor, and Vernon B. Clark, assistant district attorney, the same attorney who had represented defendant in the bankruptcy matter. Prior to trial, defendant moved to recuse Clark because of his prior representation of him in the bankruptcy proceedings. The motion was denied. Subsequently, defendant's motion to sequester Clark due to his intention to call him as a witness was also *1234 denied. The record shows that, in his capacity as assistant district attorney, Mr. Clark was present during the entire trial including pre-trial proceedings and jury selection. He alone signed the grand jury indictment, stood in for Mr. Burton at the hearing on preliminary motions and actively participated at the hearing on the motion to recuse, at four bench conferences, and at the sentencing hearing where he was the sole state representative.
Defendant contends that the trial judge erred in not granting his motion to recuse Vernon Clark. He argues that the failure to do so presented a conflict of interest based on his previous representation in the bankruptcy matter as well as created a "chilling effect" upon his ability to call Mr. Clark as a witness.
La.Code Crim P. art. 680 provides in pertinent part:
A district attorney shall be recused when he:
(3) Has been employed or consulted in the case as attorney for the defendant before his election or appointment as district attorney.
The rules relating to recusation help to insure that, "[i]n conducting a criminal case the prosecuting attorney must be fair and impartial, and see that defendant is not deprived of any constitutional or statutory right, because he is a quasi judicial officer." State v. Tate, 185 La. 1006, 171 So. 108 (1936). We stated in Tate that the district attorney "should not be involved or interested in any extrinsic matters which might, consciously or unconsciously, impair or destroy his power to conduct the accused's trial fairly and impartially." Id. at 112. This comports with the ethical standards governing the legal community.[4] Thus, although art. 680 expressly requires recusation when the district attorney was previously employed "in the case," the ethical rules and the jurisprudence impose a broader gloss on the statutory requirement by providing for recusation when the district attorney was previously employed in "a substantially related matter." Under both art. 680 and the ethical rules, the question becomes whether the bankruptcy proceedings are substantially related to the criminal proceeding.
The substantial relationship test has been adopted by the federal courts as well. State of Arkansas v. Dean Foods Products Co., 605 F.2d 380 (8th Cir.1979); United States v. Kitchin, 592 F.2d 900 (5th Cir.1979). In Kitchin, the court rejected the idea that confidential information must have been disclosed in order for the recusation to be proper and stated:
So long as the affected party can show that the matters involved in the previous representation are substantially related to those in an action in which the attorney represents an adverse party, the former client is entitled to the disqualification of the lawyer.
. . . .
The aggrieved party need not prove that [the lawyer] actually obtained confidential information nor that he has or will disclose it to his present employer.
Similarly, the Eighth Circuit in Dean Foods reiterated the rule for attorney disqualification:
[T]he former client need show no more than that the matters embraced within the pending suit wherein his former attorney appears on behalf of his adversary are substantially related to the matters or cause of action [where] the attorney previously represented him, the former client. The Court will assume that during the course of the former representation confidences were disclosed to the attorney bearing on the subject matter of the representation.
The Dean Foods court noted that "[d]isqualification is an ethical, not a legal matter." *1235 We agree. The trial judge erroneously relied on the absence of confidential information possessed by Clark with regard to defendant in making his ruling. The real issue is whether the former action is substantially related to the latter. In Brasseaux v. Girouard, 214 So.2d 401 (La. App.3d Cir.1968), the court noted:
[T]he modern decisions hold that, to prove the existence of the lawyer's obligation not to represent a competing interest, the former client need prove only that matters embraced within the present suit are substantially related to the matters or cause of action wherein the attorney previously represented him. The courts may then infer the receipt of confidences violatable by the subsequent representation.
The main thrust of the defense was that the bankruptcy precluded the possibility of any insurance recovery directly to defendant and therefore negated the existence of monetary gain as a motive to commit the arson. The effect of the bankruptcy was to vest all defendant's property and rights of action in the trustee rather than in defendant. The fire at defendant's dwelling occurred prior to the abandonment of the property by the trustee. The state relied at least in part on defendant's financial woes to establish a motive for his participation in the criminal enterprise. A critical element of both the conspiracy and the arson charges is the intent to defraud. Since the property was vested in the bankruptcy trustee at the time of the fire, the insurance proceeds would have gone directly to the trustee rather than to defendant. This would have seriously undermined the state's theory of the case. The bankruptcy matter was an integral part of the defense. Accordingly, we find that the bankruptcy proceedings had a substantial relationship to the criminal proceeding.
Moreover, Clark's participation in the state's case undoubtedly had a negative impact on the defense tactics. Clark, as defendant's lawyer in the bankruptcy, would have been the best candidate for a witness to explain and testify as to the significance of the bankruptcy, discharge, and abandonment.[5] Instead, with Clark present at the prosecution table, defendant could assume neither the risk of taking the stand and submitting to cross-examination by his former lawyer nor the risk of placing a potentially hostile witness on the stand to testify in his behalf.[6] The potential damage was exacerbated by the mental instability of defendant and the refusal of the trial judge to sequester Clark as a witness. This chilling effect coupled with the "inferred receipt of confidences" clearly created a situation ripe for recusation of Clark.
Accordingly, the trial judge improperly denied defendant's motion to recuse Vernon Clark. The court of appeal erred in affirming this ruling. We find reversible error.

DECREE
For the reasons assigned, the judgment of the court of appeal affirming defendant's convictions and sentences is reversed and the case is remanded to the district court for a new trial.
NOTES
[1] On count 1, the trial judge sentenced defendant to serve two years at hard labor and to pay a fine of $1,000 and court costs. On count 3, defendant was sentenced to serve two and a half years at hard labor to run consecutively to that of count 1. The trial judge suspended the execution of the sentence on count 3 and placed defendant on a five-year supervised probation with the following conditions: pay a fine of $1,000 and court costs according to a pay plan approved by the court upon release from prison, refrain from harassing or threatening any of the witnesses who testified against defendant at the trial, and submit to further psychological evaluation or treatment as may be ordered by the court. The trial judge further ordered that defendant abide by the conditions of probation set forth in La. Code Crim.P. art. 895 except as may be suspended by the court. He also ordered defendant to serve six months in the parish jail at the discretion of the court and to pay $10 per month during the period of probation to help defray the expenses of supervision.
[2] 526 So.2d 1198 (La.App.3d Cir.1988).
[3] 533 So.2d 2 (La.1988).
[4] Louisiana's Rules of Professional Conduct replace the former Code of Professional Responsibility, effective January 1, 1987, and track the ABA's Model rules of Professional Conduct (1983). Rule 1.9 deals with conflict of interest and provides:

A lawyer who had formerly represented a client in a matter shall not thereafter;
(a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
(b) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.
Rule 1.11 provides in pertinent part:
(c) Except as law may otherwise expressly permit, a lawyer serving as a public officer or employee shall not:
(1) Participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment, unless under applicable law no one is, or by lawful delegation may be, authorized to act in the lawyer's stead in the matter.
[5] Louisiana Rules of Professional Conduct, Rule 3.7 provides in pertinent part:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) The testimony relates to an uncontested issue;
(2) The testimony relates to the nature and value of legal services rendered in the case; or
(3) Disqualification of the lawyer would work substantial hardship on the client.
[6] Although defendant had subpoenaed Mr. Clark as a witness for trial, he did not call him to testify.