I í KNOLL, Judge.
The State of Louisiana appeals the trial court’s ruling granting the defendant’s motion to recuse the District Attorney’s office for LaSalle Parish pursuant to LSA-C.Cr. P.Art. 680. We reverse and remand.
FACTS
The defendant, Melvin Gardner, was arrested for DWI pursuant to LSA-R.S. 14:98 on December 27, 1985, and again on February 1,1986. On February 4,1987, the defendant was charged by a separate bill of information for each offense (# 37,294 and # 37,-298). J. Reed Walters was court appointed counsel for these two DWI offenses. Mr. Walters’ representation of the defendant was limited. While representing the defendant, Mr. Walters filed pre-trial motions and may have passed on information about a potential plea bargain agreement. The defendant also consulted another attorney, Norris D. Jackson, but chose not to retain him as counsel.
On October 6,1987, the defendant replaced Mr. Walters with another attorney, Edward Larvadain. After the defendant retained Mr. Larvadain, Mr. Walters ceased all contact with the defendant and the ease. While solely represented and counseled by Mr. Larvadain, the defendant pleaded guilty to both offenses on April 5, 1988.
LOn August 24, 1989, the defendant was arrested again for DWI. He was charged by bill of information (#41,553) and pleaded guilty on December 6, 1989; the defendant was represented by attorney Speedy 0. Long. On January 4, 1990, the trial judge sentenced the defendant as a third time DWI offender to one year at hard labor and an additional six months if the defendant failed to pay a fine of $1000.
Meanwhile, LaSalle Parish elected Mr. Walters as their District Attorney in January of 1991. Mr. Walters hired Norris D. Jackson to serve as his assistant district attorney; Mr. Jackson also had served as assistant district attorney to the former LaSalle Parish District Attorney, Dan Cornett. The record indicates that when Mr. Cornett was District Attorney, he voluntarily recused his office from prosecuting the defendant because of the defendant’s consultation with Mr. Jackson.
On June 30, 1993, the defendant was arrested yet again for DWI. In his capacity as LaSalle Parish District Attorney, Mr. Wal-' ters charged the defendant as a four time DWI offender pursuant to LSA-R.S. 14:98E by bill of information (# 47,296) on August 11, 1993. This bill of information charging the defendant as a four time DWI offender listed the December 27,1985 (# 37,294), February 1, 1986 (# 37,293), and the August 24, 1989 (# 41,553), DWI offenses for prior eon- *521 vietions.[1] On February 17, 1994, the defendant filed a motion to recuse Mr. Walters, District Attorney of LaSalle Parish, and his Assistant District Attorney, Mr. Jackson, from prosecuting the matter, because they had previously represented or consulted the defendant for his December 27, 1985, and February 1, 1986, DWI offenses (#37,294 and # 37,293). The trial court ruled in favor of the defendant and recused the District Attorney and his office. The State brings this appeal.
The State argues that the trial court erred in its application of LSA-C.Cr.P. Art. 680(3) by interpreting the language “the case” to include prior DWI convictions used for predicate offenses necessary to charge the defendant as a four time offender pursuant to LSA-R.S. 14:98E.
IsRECUSAL OF DISTRICT ATTORNEY
In a motion to recuse the district attorney, the defendant bears the burden of showing by a preponderance of the evidence that the district attorney has a personal interest in conflict with the fair and impartial administration of justice. State v. Bourque, 622 So.2d 198 (La.1993); State v. Edwards, 420 So.2d 663 (La.1982). The mere fact that an assistant district attorney previously represented a defendant in the same criminal matter does not ipso facto require the district attorney and other members of his staff to be recused. State v. Brown, 274 So.2d 381 (La.1973); State v. Bell, 346 So.2d 1090 (La.1977).
LSA-C.Cr.P. Art. 680 governs the re-cusal of a district attorney and provides in pertinent part:
A district attorney shall be recused when he:
⅜ ⅜ ⅜ ⅜ ⅜ ⅜
(3) Has been employed or consulted in the case as attorney for the defendant before his election or appointment as district attorney.
However, the grounds required for the disqualification of a district attorney are not necessarily restricted to the statutory grounds as set forth by the language of LSA-C.Cr.P. Art. 680. Bourque, supra; State v. Allen, 539 So.2d 1232 (La.1989).
In State v. Allen, the Louisiana Supreme Court held in a unanimous decision that the grounds set forth in LSA-C.Cr.P. Art. 680 should be read in conjunction with the broader ethical rules[2] governing all attorneys:
[Although art. 680 expressly requires re-cusation when the district attorney was previously employed ‘in the case,’ the ethical rules and the jurisprudence impose a broader gloss on the statutory requirement by providing for recusation when the district attorney was previously employed in ‘a substantially related matter.’
539 So.2d at 1234.
The court in Allen approved two federal standards of proof for attorney disqualification and implicitly a district attorney’s recu-sal:
So long as the affected party can show that the matters involved in the previous representation are substantially related to those in an action in which the attorney represents an adverse party, the former client is entitled to the disqualification of the lawyer.... The aggrieved party need not prove that [the lawyer] actually obtained confidential information nor that he has or will disclose it to his present employer.
(Citing United States v. Kitchin, 592 F.2d 900 (5th Cir.1979)).
and
|4[T]he former client need show no more than that the matters embraced within the pending suit wherein his former attorney appears on behalf of his adversary are substantially related to the matters or cause of action [where] the attorney previously represented him, the former client. The Court will assume that during the course of the former representation confidences were disclosed to the attorney *522 bearing on the subject matter of the representation. (Citing State of Arkansas v. Dean Foods Products Co., 605 F.2d 380 (8th Cir.1979)).

Id.

Therefore, to determine if a district attorney or assistant district attorney should be re-cused, the issue is whether the defendant has proven that the district attorney or assistant district attorney’s consultation or representation of the defendant involved matters that are substantially related to the charge now brought by them against the defendant. Id.; see also Brasseaux v. Girouard, 214 So.2d 401 (La.App. 3d Cir.), writ refused, 216 So.2d 307 (La.1968).
In Allen, supra, the state charged the defendant with two counts of conspiracy to commit arson with an intent to defraud. The state asserted that the defendant, prompted by financial difficulty, conspired with his brother to set fire to his home to collect the insurance proceeds. However, before the events leading to the defendant’s arrest, the assistant district attorney prosecuting the defendant for conspiracy had represented the defendant in bankruptcy. During these bankruptcy proceedings, the bankruptcy trustee extinguished any ownership interest the defendant had to his home. The defendant argued that he had no intent to defraud because he could not have received any of the insurance proceeds for a home that he no longer owned. Because the assistant district attorney prosecuting the conspiracy charges against the defendant had previously represented the defendant in bankruptcy, the defendant moved to recuse him. The trial court denied the defendant’s motion and the appellate court affirmed. The Louisiana Supreme Court reversed in an unanimous decision and concluded that the defendant’s motion to recuse the assistant district attorney should have been granted.
The court in Allen, supra, held that the assistant district attorney’s representation of the defendant in the bankruptcy proceeding concerned matters substantially related to the conspiracy charge against him. The court found that an essential element in the conspiracy charge was the defendant’s intent to defraud which could have been called into question by the events that occurred in the bankruptcy proceeding; i.e., the defendant could not have collected any insurance proceeds because the bankruptcy trustee had extinguished the defendant’s ownership Igof the home. The court concluded that the best witness regarding the bankruptcy proceeding was the assistant district attorney now prosecuting the defendant and the defendant was essentially prevented from calling the assistant district attorney as a witness if recusal was not granted. The court also stated that the defendant’s mental instability and the trial judge’s refusal to sequester the assistant district attorney as a witness exacerbated the potential damage to the defendant.
In the case at hand, Mr. Walters as LaSalle Parish District Attorney charged the defendant as a four time DWI offender pursuant to LSA-R.S. 14:98E. To convict the defendant as a four time DWI offender, Mr. Walters must prove the elements contained in LSA-R.S. 14:98(A)[3] and prove that the defendant has been convicted of three additional DWI offenses. However, the State bears the burden of establishing the constitutional validity of each predicate conviction used to convict the defendant as a multiple DWI offender and the burden of negating the cleansing period contained in LSA-R.S. 14:98F. See State v. Mobley, 592 So.2d 1282 (La.1992).
We have considered the holding of Allen, supra, in conjunction with LSA-C.Cr.P. Art. 680 and conclude that the trial court erred by granting the defendant’s motion to recuse Mr. Walters and Mr. Jackson from proseeut- *523 ing this case. Unlike the facts addressed in Allen, supra, Mr. Walters and Mr. Jackson’s brief contact with the defendant bears no substantial relationship to any of the elements needed to convict the defendant for his fourth DWI offense.
When the defendant entered his previous guilty pleas, Mr. Walters was discharged. The defendant was represented only by Mr. Larvadain when he entered his guilty pleas and the minutes from these guilty pleas so reflect. Since these predicate DWI offenses are guilty pleas, the inquiry as to their constitutional validity will only concern Mr. Lar-vadain, not Mr. Walters and Mr. Jackson.
| sAccordingly, under these circumstances, we find that Mr. Walters’ limited representation of the defendant for his December 27, 1985, and February 1, 1986, DWI charges fails to involve matters substantially related to any element of the DWI charge now against the defendant. The record indicates that after being replaced as counsel by Mr. Larvadain on October 6, 1987, Mr. Walters ceased all contact with the defendant and played no role in the defendant’s decision to plead guilty to the DWI charges in question on April 5, 1988. A fortiori, we also reach the same conclusion regarding Mr. Jackson’s consultation with the defendant.
In conclusion, we believe that Mr. Walters’ partial representation of the defendant and Mr. Jackson’s consultation with the defendant for the defendant’s December 27, 1985, and February 1, 1986, DWI charges affords neither Mr. Walters nor Mr. Jackson any advantage in the prosecution of this case. See State v. Johnson, 310 So.2d 600 (La.1975); State v. Collins, 470 So.2d 553 (La.App. 1st Cir.1985). Therefore, we reverse the trial court’s ruling recusing Mr. Walters and Mr. Jackson from prosecuting this case.
DECREE
For the foregoing reasons, the ruling of the trial court recusing Mr. Walters as District Attorney of LaSalle Parish and Mr. Jackson as Assistant District Attorney of LaSalle Parish from prosecuting Melvin Gardner is hereby reversed and the case remanded to the trial court for furthet proceedings.
REVERSED AND REMANDED.

. The record indicates that the defendant has an additional DWI conviction for a DWI offense occurring in LaSalle Parish on November 17, 1985.

. See Louisiana Rules of Professional Conduct 1.9, 1.10, 1.11, and 3.7.

. A. The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, watercraft, vessel, or other means of conveyance when:
(1) The operator is under the influence of alcoholic beverages; or
(2) The operator's blood alcohol concentration is 0.10 percent or more by weight based on grams of alcohol per one hundred cubic centimeters of blood; or
(3)The operator is under the influence of any controlled dangerous substance listed in Schedule I, II, III, IV, or V as set forth in R.S. 40:964. LSA-14:98(A).