PETTIGREW, J.
|2The defendant, Daniel Hinton, Jr., was charged by bill of information with possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. The defendant filed a motion to quash the bill of information, arguing that his prior conviction could not be used as a predicate offense in the instant case. Following a hearing, the trial court granted the motion to quash. The State now appeals, arguing the trial court erred in granting the motion to quash. See La.Code Crim. P. art. 912(B)(1). For the reasons that follow, we affirm the trial court’s ruling granting the motion to quash.
FACTS
As there was no trial in the instant case, the facts were not fully developed. The following facts were presented during the preliminary examination hearing.[1] On or about October 17, 2007, Corporal James Dipuma of the East Baton Rouge Parish Sheriffs Office, Armed Robbery and Burglary Division, was conducting surveillance in the Gardere area. Sometime after midnight, Corporal Dipuma observed the defendant as he was walking down the street. Corporal Dipuma and other officers stopped the defendant. The defendant immediately informed them that he had a handgun in his possession. Corporal Di-puma was familiar with the defendant. The defendant provided a name that Corporal Dipuma knew to be false. After Corporal Dipuma pressed the defendant regarding his identity, the defendant admitted that he had provided false information because he had a probation warrant. After the defendant’s true identity was obtained, the officers discovered that the defendant had a prior felony conviction and an outstanding probation fugitive warrant for conspiracy to commit armed robbery.[2]
*244 ASSIGNMENT OF ERROR
In the sole assignment of error, the State contends that the trial court erred in granting the defendant’s motion to quash the bill of information. The State argues that while conspiracy to commit armed robbery is not an enumerated crime of violence under La. R.S. 14:2(B), the offense fits the general statutory definition of a crime of violence. Thus, the State argues that conspiracy to commit armed robbery is a proper predicate conviction for the instant felon in possession of a firearm charge. The State specifically contends that conspiracy to commit armed robbery involves, as an element, the threatened use of physical force against a person or the property being robbed. The State notes that the nature of the crime involves the possession of a dangerous weapon. The State also notes the particular facts of the defendant’s prior guilty plea conviction and concludes that the factual basis for the plea supports a finding that the defendant committed a crime of violence.
In granting the defendant’s motion to quash the bill of information, the trial court noted that criminal statutes must be strictly construed. The trial court found that the crime of conspiracy to commit armed robbery is not articulated or addressed by La. R.S. 14:2(B) and consequently not enumerated as a felony for purposes of La. R.S. 14:95.1. The defendant adds, in his reply brief to the State’s appeal, that the legislature would have included the crime of conspiracy to commit any of the felonies enumerated in La. R.S. 14:95.1 if that were its intent.
The issue raised herein presents a question of law and is, therefore, subject to de novo review. State v. Smith, 99-2094, 99-2015, 99-2019, & 99-0606, p. 3 (La.7/6/00), 766 So.2d 501, 504. In construing the applicable criminal statutes, we consider two established rules of statutory construction: (1) all criminal statutes are construed strictly; and (2) the words of a statute must be given their everyday meaning. See State ex rel. Robinson v. Blackburn, 367 So.2d 360, 363 (La.1979). See also La. R.S. 14:3.
Louisiana Revised Statutes 14:95.1(A), provides in pertinent part, that, “It is unlawful for any person who has been convicted of a crime of violence as defined in La. |4R.S. 14:2(B) which is a felony ... or any crime defined as an attempt to commit one of the above-enumerated offenses under the laws of this state ... to possess a firearm or carry a concealed weapon.” In order to present sufficient evidence that the defendant was a convicted felon in possession of a firearm pursuant to La. R.S. 14:95.1, the State must prove the following: (1) the defendant possessed a firearm; (2) the defendant was previously convicted of an enumerated felony; (3) the absence of the 10-year period of limitation; and (4) general intent to commit the offense. State v. Husband, 437 So.2d 269, 271 (La.1983).
Louisiana Revised Statutes 14:2(B) provides in pertinent part:
In this Code, “crime of violence” means an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon.
A number of offenses and attempts to commit any of them are included in the statute as crimes of violence, including armed robbery. However, the list is illustrative, rather than exclusive. See Coates v. Day, 2000-2164, pp. 2-3 (La.App. 1 Cir. *245 12/28/01), 804 So.2d 893, 894. While an attempt to commit one of the enumerated offenses is specified as a crime of violence in La. R.S. 14:2(B), conspiracy to commit one of the enumerated offenses is not. See also La. R.S. 14:95.1(A).
Criminal conspiracy is an agreement or combination of two or more persons for the specific purpose of committing a crime, and an act done in furtherance of the object of the agreement or combination.[3] See La. R.S. 14:26(A). Specific intent is an essential element of criminal conspiracy. State v. Leger, 04-1467, p. 3 (La.App. 3 Cir. 6/1/05), 907 So.2d 739, 744, writ denied, 05-2263 (La.4/17/06), 926 So.2d 509, cert. denied, 549 U.S. 910, 127 S.Ct. 245, 166 L.Ed.2d 193 (2006). Specific intent is that state of mind that exists when the circumstances indicate that the offender actively |sdesired the prescribed criminal consequence to follow his act or failure to act. La. R.S. 14:10(1). In order to constitute criminal conspiracy, criminal intent to commit a specific offense must exist in at least two minds. At issue is not whether the predicate offense was executed in a violent manner, but whether conspiracy to commit armed robbery generally, as defined by La. R.S. 14:26 and La. R.S. 14:64, is a “crime of violence,” as defined by La. R.S. 14:2(B). See State v. Fontenot, 2006-226, p. 3 (La.App. 3 Cir. 7/12/06), 934 So.2d 935, 938.
In conspiracy, it is the combination of minds in an unlawful purpose that is the foundation of the offense. The overt act may be any act in furtherance of the agreement; a fortiori, it is not necessary that it constitute the crime and the question whether it serves to support the object of the conspiracy is one of fact for the jury. On the other hand, it is necessary, in prosecutions for attempt, for the State to prove an overt act tending directly toward the accomplishment by the accused of his object to commit the offense intended; mere preparation is not enough. La. R.S. 14:27; State v. D’Ingianni, 217 La. 945, 950-951, 47 So.2d 731, 733 (1950). In D’Ingianni, 217 La. at 951, 47 So.2d at 733, the Louisiana Supreme Court noted as follows:
Any act, such as a visit by one of the parties to his co-conspirator for the purpose of discussing details, might suffice as an overt act to complete a criminal conspiracy although such an act would be regarded as merely preparatory in a prosecution for an attempt.
Thus, the inclusion of an attempt to commit an enumerated offense as a crime of violence does not automatically lead to the conclusion that conspiracy to commit one of the enumerated offenses also constitutes a crime of violence.
Criminal conspiracy to commit a crime is an inchoate offense separate and entirely distinct from the completed crime. State v. Richards, 426 So.2d 1314, 1316 (La.1982). Criminal conspiracy to commit armed robbery (an agreement or combination for the specific purpose of committing armed robbery and an act in furtherance of the agreement or combination) does not by definition have as an element, the use, attempted use, or threatened use of physical force against the person or property of another. Further, criminal conspiracy to commit armed robbery does |f,not, by its very nature, involve a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. Finally, criminal conspiracy to commit armed robbery does not, by definition, necessarily involve *246 the possession or use of a dangerous weapon. We do not find conspiracy to commit armed robbery to be a crime of violence as defined in La. R.S. 14:2(B). Thus, conspiracy to commit armed robbery is not a proper predicate conviction for the instant felon in possession of a firearm charge. Compare State v. Lewis, 535 So.2d 943, 949 (La.App. 2 Cir.1988), writ denied, 538 So.2d 608 (La.1989) (the court concluded that conspiracy to commit a violation of the drug laws was a proper predicate since the broad language of La. R.S. 14:95.1 includes the entire Uniform Controlled Dangerous Substance Act, which includes the conspiracy provision of La. R.S. 40:979). Accordingly, the trial court did not err in granting the defendant’s motion to quash the bill of information in this case. The sole assignment of error lacks merit.
GRANTING OF MOTION TO QUASH AFFIRMED.
McDONALD, J., concurs and assigns reasons.

. At the conclusion of the hearing, the trial court found there was no probable cause to hold the defendant.

. The bill of information and minutes of the 19th J.D.C. docket number 01-01-292, regarding the defendant's prior guilty-plea conviction of conspiracy to commit armed robbery, were admitted at the preliminary examination hearing.

. Armed robbery requires evidence of the following: (1) a taking (2) of anything of value (3) from a person or in the immediate control of another (4) by the use of force or intimidation (5) while armed with a dangerous weapon. La. R.S. 14:64(A).