47 So.3d 553 (2010)
STATE of Louisiana, Appellee
v.
Earton Lynn SMITH, Appellant.
No. 45,430-KA.
Court of Appeal of Louisiana, Second Circuit.
August 11, 2010.
Rehearing Denied September 16, 2010.
*554 Bertha Moseley Hillman, Louisiana Appellate Project, for Appellant.
Earton Lynn Smith, pro se.
J. Schuyler Marvin, District Attorney, John Michael Lawrence, Assistant District Attorney, for Appellee.
Before GASKINS, MOORE and LOLLEY, JJ.
GASKINS, J.
The defendant, Earton Lynn Smith, was convicted of aggravated burglary arising from an incident that occurred in July 2006 and sentenced to 30 years at hard labor. The state then filed a habitual offender bill of information against the defendant, asserting that he had two prior felony convictions. Following a hearing, the defendant was adjudicated a third-felony offender. Thereafter, his original sentence was vacated, and he was sentenced to a mandatory life sentence without the benefit of parole, probation or suspension of sentence. The defendant appeals. We affirm the defendant's adjudication as a habitual offender and his sentence.

FACTS
In November 2008, the state filed a habitual offender bill seeking the adjudication of the defendant as a third-felony offender on the basis of the following convictions:
(1) On November 22, 1991, the defendant was convicted of armed robbery in docket number 69,550 in the 26th Judicial District Court, Parish of Bossier, and was sentenced to serve 13 years at hard labor without the benefit of parole, probation or suspension of sentence;
(2) On April 15, 2004, the defendant was convicted of three counts of battery of a correctional facility employee in docket number 88,226 in the 26th Judicial District Court, Parish of Bossier, and was sentenced as a habitual offender to two terms of two and a half years at hard labor and one term of 10 years at hard labor to be served consecutively[1];
(3) On November 29, 2007, the defendant was convicted of aggravated burglary [the instant case] in docket number 148,130 in the 26th Judicial District Court, Parish of Bossier, and was sentenced to serve 30 years of imprisonment at hard labor.[2]
A hearing on the habitual offender bill was held in July 2009. Lt. Gary Bass of the Bossier Parish Sheriff's Office Crime Scenes Investigations unit testified as an expert in fingerprint identification. He stated that he had taken the defendant's *555 fingerprints in open court. After being presented certified copies of the bills of information filed in docket numbers 69,550 and 88,226, Lt. Bass was asked to compare the defendant's fingerprints with the fingerprints of the individuals convicted therein. Lt. Bass concluded that all three sets of fingerprints belonged to the defendant. The state also introduced certified copies of the minutes from those two docket numbers reflecting the defendant's conviction of the offenses charged, which in both cases were felonies. As to docket number 148,130, the state presented the testimony of the prosecutor in that case, Edward Charles Jacobs. He testified that the defendant in the habitual offender bill was the same person he prosecuted in the instant case, the 2007 aggravated burglary conviction.[3] The trial court adjudicated the defendant as a third-felony offender and ordered a presentence investigation (PSI) report.
In November 2009, the trial court sentenced the defendant. Finding that all three of the defendant's felony convictions were crimes of violence under La. R.S. 14:2(B), the court imposed a mandatory life sentence without the benefit of parole, probation or suspension of sentence as required by La. R.S. 15:529.1(A)(1)(b)(ii).
The defendant filed a motion to reconsider sentence. He argued that battery on a corrections officer is not a crime of violence because it is not specifically listed as such in La. R.S. 14:2(B). The trial court denied the motion.
The defendant appealed. Defense counsel asserted one assignment of error, while the defendant put forth two pro se assignments of error.

CRIME OF VIOLENCE
Defense counsel argues that the trial court erred in considering battery of a correctional facility employee to be a "crime of violence" under La. R.S. 14:2(B) and in consequently sentencing the defendant to life imprisonment without benefits under La. R.S. 15:529.1(A)(1)(b)(ii). He contends that he should have been sentenced instead under La. R.S. 15:529.1(A)(1)(b)(i), which would have provided for a sentence of not less than two-thirds of the longest possible sentence for aggravated burglary and not more than twice the longest possible sentence for that offense.[4]
La. R.S. 15:529.1(A)(1)(b)(ii) states:
If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
La. R.S. 14:2 provides, in pertinent part:

*556 B. In this Code, "crime of violence" means an offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon. The following enumerated offenses and attempts to commit any of them are included as "crimes of violence": ...
The statute then sets forth a list of enumerated "crimes of violence." While battery of a correctional facility employee is not one of them, the offense of "battery of a police officer" was added to the list by the legislature in 2008. Acts 2008, No. 619. However, the list of offenses is illustrative, not exclusive. See State v. Hinton, 2008-1849 (La.App. 1st Cir.2/13/09), 6 So.3d 242; State v. Fontenot, 2006-226 (La.App. 3d Cir.7/12/06), 934 So.2d 935; Coates v. Day, 2000-2164 (La.App. 1st Cir.12/28/01), 804 So.2d 893.
La. R.S. 14:34.5 defines battery of a correctional facility employee as follows:
Battery of a correctional facility employee is a battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a correctional facility employee acting in the performance of his duty.
La. R.S. 14:33 defines battery to include the intentional use of force or violence upon the person of another.
The language of La. R.S. 15:529.1(A)(1)(b)(ii) provides for a mandatory life sentence of a third-felony offender when each of the defendant's crimes is defined as a crime of violence under La. R.S. 14:2(B); it does not require that they be enumerated as a crime of violence. Accordingly, so long as battery of a correctional facility employee is a felony fitting the definition of a crime of violence, the court did not err in sentencing the defendant to a mandatory life sentence. Because a battery requires the "intentional use of force or violence upon the person of another," it is axiomatic that it involves as an element of its commission "the use ... of physical force against the person ... of another, and that, by its very nature, involves a substantial risk that physical force against the person ... of another may be used...." La. R.S. 14:33 and La. R.S. 14:2(B). The fact that battery of a police officer is enumerated as a crime of violence only bolsters the argument that battery of a correctional facility employee is also a crime of violence. The two crimes are defined identically with the exception of the status possessed by the victim, "a police officer acting in the performance of his duty" in one, and "a correctional facility employee acting in the performance of his duty" in the other.
This assignment of error is without merit.

CONFLICT OF INTEREST
In this pro se assignment of error, the defendant collaterally attacks his underlying aggravated burglary conviction. He contends that the assistant district attorney in that case, Edward Charles Jacobs, should have recused himself from prosecuting the defendant because he briefly represented the defendant in two other criminal cases in 1997 and 1998 when he was employed as an indigent defender and that, as a result, there was a conflict of interest.
La. C. Cr. P. art. 680 sets forth three grounds for recusing a district attorney. These include when a district attorney has a personal interest in the cause which is "in conflict with fair and impartial administration *557 of justice" and when the district attorney has been "employed or consulted in the case as attorney for the defendant before his election or appointment as district attorney."
In State v. Bourque, 622 So.2d 198, 216-17 (La.1993), overruled on other grounds by State v. Comeaux, 93-2729 (La.7/1/97), 699 So.2d 16, the Louisiana Supreme Court addressed the defendant's burden in a motion to recuse a district attorney as follows:
In a motion to recuse the district attorney, "the defendant bears the burden of showing by a preponderance of the evidence that the district attorney has a personal interest in conflict with the fair and impartial administration of justice." State v. Edwards, 420 So.2d 663, 673 (La.1982). While this standard of proof is applicable for the disqualification of an assistant district attorney, the grounds for disqualification are not necessarily restricted to the statutory grounds to recuse a district attorney as set forth in La. C. Cr. P. art. 680. See State v. Allen, 539 So.2d 1232, 1234 (La.1989).
In Allen, supra, the supreme court held that "although art. 680 expressly requires recusation when the district attorney was previously employed `in the case,' the ethical rules and the jurisprudence impose a broader gloss on the statutory requirement by providing for recusation when the district attorney was previously employed in `a substantially related matter.'"
The proper procedural vehicle in which to request removal of an assistant district attorney from prosecuting a case is a motion to disqualify. State v. Divers, 38524 (La.App.2d Cir.11/23/04), 889 So.2d 335, writ denied, 2004-3186 (La.4/8/05), 899 So.2d 2, cert. denied, 546 U.S. 939, 126 S.Ct. 431, 163 L.Ed.2d 327 (2005).
Mr. Jacobs was the prosecutor for the instant conviction of aggravated burglary. While Mr. Jacobs had previously represented the defendant as an indigent defender in 1997 and 1998, there is no suggestion or evidence that Mr. Jacobs had any connection to the defense of the aggravated burglary charge or that this case was in any way connected to his previous representation of the defendant. Also, Mr. Jacobs testified that his former representation of the defendant was discussed during the aggravated burglary case, but no objection was ever made to him prosecuting the defendant. Accordingly, even assuming that the defendant's failure to bring a motion to disqualify the assistant district attorney during his prosecution on the aggravated burglary charge did not waive his right to assert such a claim now, the defendant has failed to demonstrate that Mr. Jacobs represented him in a "substantially related matter" and that any conflict of interest existed.
While Mr. Jacobs represented the state in the prosecution of the aggravated burglary charge, he did not prosecute the habitual offender bill. According to the minutes, he made one appearance in the habitual offender case when the matter was merely passed from the docket to be reset. At the hearing on the habitual offender bill, he was called by the state as a witness to identify the defendant as the person convicted of the offense of aggravated burglary.
Mr. Jacobs had previously made one appearance in court as the defendant's indigent defender on the charges that ultimately resulted in the defendant's convictions for three counts of battery of a correctional facility employee. Since Mr. Jacobs did not prosecute the habitual offender matter or give testimony against the defendant specifically pertaining to the prior felony offenses in which he represented *558 the defendant, there was no ground for disqualifying Mr. Jacobs.
This assignment of error is meritless.

JURISDICTION
The defendant contends in a pro se assignment of error that the trial court had no jurisdiction to adjudicate the charges brought under the habitual offender bill because an order of appeal from his conviction in docket number 148,130 had been entered by the trial court. However, a trial court retains authority to adjudicate and sentence a defendant as an habitual offender after an order of appeal has been entered. State v. Hunt, 30,935 (La.App.2d Cir.2/26/98), 707 So.2d 165.
This assignment of error lacks merit.

CONCLUSION
We affirm the defendant's adjudication as a third-felony offender and his sentence of life imprisonment without the benefit of parole, probation or suspension of sentence.
AFFIRMED.
APPLICATION FOR REHEARING
Before WILLIAMS, GASKINS, PEATROSS, MOORE and LOLLEY, JJ.
Rehearing denied.
WILLIAMS and PEATROSS, JJ., would not consider as timely.
NOTES
[1] Because the defendant was detained in jail at the time of these offenses, he was convicted of felonies and sentenced accordingly, pursuant to La. R.S. 14:34.5(B)(2).
[2] This court affirmed the defendant's conviction and sentence for aggravated burglary in State v. Smith, 44,011 (La.App.2d Cir.4/8/09), 7 So.3d 855, writ denied, 2009-1118 (La. 1/29/10), 25 So.3d 828.
[3] Due to issues with the certification of the documents for docket number 148,130, the trial court sustained the defense's objection to their introduction into evidence; they were proffered. Lt. Bass testified that he personally took the fingerprint impressions from the defendant found on a fingerprint card attached to an uncertified copy of the court minutes in docket number 148,130, and that they also matched the fingerprints of the defendant.
[4] Pursuant to La. R.S. 14:60, the longest sentence for aggravated burglary is 30 years at hard labor.