# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2021

Lyle W. Cayce
Clerk

No. 19-31019

EARTON SMITH,

*Plaintiff—Appellant*,

*versus*

JOHN SCHUYLER MARVIN,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CV-1053

Before HO, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Louisiana prisoner Earton Smith sued District Attorney John Schuyler Marvin under 42 U.S.C. § 1983 for due process violations related to Smith's application for state habeas relief. The district court dismissed the suit for lack of jurisdiction. We affirm.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-31019

## I.

A Louisiana jury convicted Smith of aggravated burglary in 2007 following an incident that occurred in 2006. *State v. Smith*, 47 So.3d 553, 554 (La. Ct. App. 2010). Smith was initially sentenced to thirty years in prison. *Id.* Then the State adjudicated him a habitual offender, and Smith received a new sentence of life in prison without possibility of parole. *Id.* His attempts to obtain state and federal habeas relief in 2011 and 2012 were unsuccessful.

In 2017, Smith filed another application for state habeas relief. He claimed he had discovered two affidavits from a police officer involved in the 2006 arrest that contradicted testimony given at trial. District Attorney Marvin filed procedural objections contending that Smith's application was successive and barred by Louisiana's two-year limitations period for postconviction relief. *See* La. Code Crim. Proc. arts. 930.4, 930.8. Smith responded that the limitations period did not apply because he based his claim on facts in the affidavits not known to him or his attorney at trial. *See id.* art. 930.8A(1). Marvin disagreed and asserted that Smith had received the affidavits during the state-court litigation. The trial court rejected Smith's application as successive and untimely. The state appellate court and the Louisiana Supreme Court declined to overturn the trial court's ruling.

Smith filed this § 1983 action against Marvin a few months later. Proceeding pro se, Smith alleged that Marvin had deprived him of due process by "using . . . state procedur[es] to deny [him] postconviction relief." Smith faulted Marvin for objecting to his application and ignoring the "new facts exception" to the limitations period, which Smith thought applicable. But Smith also claimed he "d[id] not challenge the prosecutor's conduct or the Louisiana[] state court's decision." Instead, he "assert[ed] that he challenges Louisiana's postconviction exceptions to the [limitations] period . . . as construed by the Louisiana courts." Smith sought an injunction

2

ordering Marvin "to conduct an evidentiary hearing . . . at which [the] district court will determine" whether an exception to the limitations period applies.

A magistrate judge reviewed Smith's complaint and recommended dismissing it for lack of jurisdiction. The magistrate judge reasoned that though Smith purported to challenge the constitutionality of the state limitations statute itself, he "actually s[ought] a writ of mandamus to order [Marvin] to conduct evidentiary hearings regarding his application for post-conviction relief." It concluded that such a request was barred by the principle that district courts "lack[] jurisdiction to issue a writ of mandamus to compel [state officials] to perform an alleged duty."

The district court agreed with the magistrate judge and dismissed Smith's suit for lack of jurisdiction. Smith timely appealed. Our review is de novo. *Lefebure v. D'Aquilla*, 987 F.3d 446, 448 (5th Cir. 2021).

## II.

We have held that "a federal court lacks the general power to issue writs of mandamus to direct state . . . officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam). And we recently applied this principle to a prisoner like Smith who alleged that state officials "violated his right to due process in relation to his state habeas applications." *See Thoele v. Hamlin*, 747 F. App'x 242, 242 (5th Cir. 2019) (per curiam) (applying *Moye*).

Smith contends the *Moye* principle does not apply because his complaint only "challeng[es] Louisiana's postconviction statute" and "does not challenge the conduct of the defendant[] or the decisions of the Louisiana state courts" in administering state law. The magistrate judge and the district court understandably rejected that contention. A central theme in Smith's complaint is that Marvin and the state court misapplied state law. And the

injunctive relief he sought was an evidentiary hearing conducted "pursuant to" a state statute. *But see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (holding state sovereign immunity prohibits federal courts from ordering state officials to comply with state law). Nevertheless, we assume for the sake of argument that Smith's complaint directly challenges Louisiana's postconviction regime. *Cf. Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018) ("If a complaint is written *pro se*, we are to give it a liberal construction.").

That assumption does not get him far. Smith's theory is that his complaint cannot have a jurisdictional defect because it resembles the complaint upheld in *Skinner v. Switzer*, 562 U.S. 521 (2011). The plaintiff in *Skinner* sued a district attorney seeking access to postconviction DNA testing that a state statute did not permit. *Id.* at 527–29. The district attorney interpreted Skinner's complaint to seek federal review of a state-court decision in contravention of the *Rooker-Feldman* doctrine. *Id.* at 531–32. But Skinner's counsel clarified that the "gist of [his] due process claim" was not a "challenge [to] the prosecutor's conduct or the decisions reached by the [state court]." *Id.* at 530. Skinner instead challenged the "postconviction DNA statute" itself. *Id.* In light of that clarification, the Supreme Court held that "[t]here was . . . no lack of subject-matter jurisdiction over Skinner's federal suit." *Id.* at 533.

*Skinner*'s jurisdictional holding does not control this case. While it remains true that a federal plaintiff can generally challenge "a statute or rule governing [a state-court] decision," *id.* at 532, he still must have Article III standing to do so, *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–60 (1992). Standing was not a problem in *Skinner* because the plaintiff sought relief against a defendant who caused an injury that a court could redress: Skinner wanted DNA tests for certain evidence, the district attorney refused to surrender that evidence, and a court could order her to surrender it. *See* 562

No. 19-31019

U.S. at 529; *Lujan*, 504 U.S. at 560–61. But in this case, Smith alleges an injury that District Attorney Marvin did not cause and the court cannot redress. If Smith's claim is that state law permitted him to file his habeas application, the erroneous ruling came from the state judge and not from Marvin. Any injury is therefore "the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (quotation omitted). And if Smith's claim is that state law unconstitutionally prohibited him from filing his habeas application, there is nothing we could order Marvin to do that would change Smith's ability to file it. It is therefore impossible for Smith's injury to "be redressed by a favorable decision." *Id.* at 561 (quotation omitted).

AFFIRMED.